CHRISTOPHER A. LILLY (SBN 192479)
ARVIN TSENG (SBN 245648)
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367

Telephone: (310) 553-4441
Facsimile: (310) 201-4746
E-mail: clilly@troygould.com

Attorneys for Defendant
Cure Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCHANT MAX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CURE TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 2:10-CV-07042-DDP-E <br><br> Assigned for all purposes to: <br> Hon. Dean D. Pregerson <br><br> DECLARATION OF COLIN SHOLES IN SUPPORT OF CURE TECHNOLOGIES, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FORUM NON CONVENIENS <br><br> Date: December 13, 2010 <br> Time: 10:00 a.m. <br> Courtroom: 3, 2nd floor |

# DECLARATION OF COLIN SHOLES

I, Colin Sholes, declare:

1. I make this declaration based upon facts within my personal knowledge and, if called as a witness, I could and would competently testify to the truth of the matters stated herein. I submit this declaration in support of the Motion to Dismiss Pursuant to Forum Non Conveniens filed by Cure Technologies, Inc. ("Cure").

2. I have been working in the field of information technology for 10 years. In my capacity as e-business manager of Cure, as well as my experience in the information technology field, I have become familiar with how website credit card payments are processed, and the technology and infrastructure behind such transactions.

3. I was introduced to Merchant Max, Inc. ("Merchant Max") in 2008, through one of Cure's owners, Terrence Feng. As described below, Cure and Merchant Max eventually entered into an agreement together, and I have become familiar with Merchant Max and their business.

**Merchant Max's Beginnings**

4. Merchant Max started out as a merchant processor broker. When website operators want to take credit card payments on their websites, rather than create the infrastructure to do this themselves, they usually seek a merchant processor who provides that service. One way to find such a merchant processor is to use a merchant processor broker. Typically, a merchant processor broker connects a website operator with a merchant processor, and gets a commission for his efforts.

5. However, in my experience, once the website operator finds a merchant processor that they like, they often cut the broker out of the deal and contract directly with the merchant processor to get lower rates. Realizing this, Merchant Max sought to transform itself from a broker into a merchant processor.

**Joint Services Agreement with Cure**

6.  When Merchant Max decided to become a merchant processor, it lacked the requisite software and infrastructure. However, I had access to such software through a separate company that I owned and operated. While the software to which I had access was not quite ready for commercial use, both Merchant Max and I believed that with some development, it could be used commercially.

7.  Merchant Max and I thus decided to form Cure. Cure is a wholly owned subsidiary of BLK Holdings LTD ("BLK"), a Canadian company. Cure itself is also a Canadian corporation, maintains an office in Vancouver, Canada, and has staff in a secondary office in Toronto, Canada. Cure has no offices or assets in California, or in the United States. I am the largest shareholder of BLK, and Merchant Max is a 15% owner of BLK.

8.  Merchant Max and I agreed that Cure would further develop and maintain the software—which, after development, would be named the Cure Gateway System—and Merchant Max would sell access to it as a merchant processor.

9.  This agreement was memorialized into the Joint Services Agreement (the "Agreement"), which the parties entered on or about December 15, 2008, and is attached as Exhibit A to Merchant Max's complaint.

10.  The Agreement permitted Merchant Max to sell to its customers use of the Cure Gateway System, which, at its core, provides website operators with the ability to accept credit card payments. The Cure Gateway System also has other functionality that customers can utilize, such as the ability to generate reports on charges, refunds, and other customer transactions.

11.  Merchant Max sold access to the Cure Gateway System either directly or through a version branded with Merchant Max's logo, agreeing to pay Cure different amounts, depending on which method it sold. No matter which method

Merchant Max sold, however, the resultant transactions from Merchant Max's transactions were routed through Canada—through Cure's servers.

12. From the beginning of the Agreement until October 18, 2010, Merchant Max's web and e-mail servers were located in Canada and maintained by Cure. On or about October 18, 2010, Merchant Max picked up its servers from where Cure was maintaining them.

**Performance Under the Agreement, Breach, and Commencement of Litigation**

13. Merchant Max and Cure operated under the Agreement for a little over a year without significant issue. Merchant Max made its regular monthly payments to Cure pursuant to the Agreement.

14. In or around January 2010, however, these monthly payments stopped. Merchant Max claimed to be having issues with their bank, and asked Cure for patience in getting paid.

15. Cure attempted to work with Merchant Max regarding payment, to no avail. After many months, Cure informed Merchant Max that they needed to work out the payment issues, or Cure would need to look into other options.

16. When Merchant Max still did not pay the amounts due and owing under the Agreement, Cure filed a lawsuit in British Columbia, Canada on October 4, 2010. A copy of Cure's complaint is attached hereto as **Exhibit 1**.

17. Cure's complaint details a little less than $500,000 due and owing for breach of contract. An additional amount from September and October 2010 invoice, which total approximately $95,000, is also due and owing.

**Location of Witnesses and Evidence**

18. I have reviewed Merchant Max's allegations contained in its complaint. The majority of witnesses and evidence related to those allegations are located in Canada. Specifically:

     (a)    Merchant Max claims that the Cure Gateway System contained defects (Complaint, ¶¶ 1, 20, & 20(g)). The witness who designed the Cure Gateway System—Jeff Doss—is located in Canada. Also, the documents related to its design, testing, and upgrades are in Canada.

     (b)    Merchant Max claims that Cure repeatedly tested upgrades in a live environment without notice (Complaint, ¶ 20(d)). The witnesses that can testify regarding these upgrades—Jeff Doss, Carl Vernon, Ruan Müller, Adam Barrett, Loong Chan, and Jason Warren—as well as the documents related to these upgrades, are in Canada.

     (c)    Merchant Max claims that the Cure Gateway System had frequent outages (Complaint, ¶ 20(g)). The witnesses that can testify regarding the system's uptime—Jeff Doss, Carl Vernon, Ruan Müller, Adam Barrett, Loong Chan, and Jason Warren—as well as the documents related to the system's uptime, are in Canada.

     (d)    Merchant Max claims to have had problems in customer requests being backlogged or not processed or processed improperly (Complaint, ¶¶ 20(b)–(c), 20(e)–(f), 20(i), & 20(m)). The servers on which the requests of Merchant Max's customers were processed were physically located in Canada. All requests were routed to and through Canada. Therefore, any logs regarding these requests would also be in Canada.

     (e)    Merchant Max claims that Cure did not answer its phones or e-mails (Complaint, ¶ 21). Records of phone calls and e-mails received by Cure are in Canada. Moreover, Cure employees who could testify about phone calls and e-mails received by Cure are all located in Canada.

     (f)    Merchant Max claims that Cure entered into an agreement with a merchant bank in violation of the Agreement (Complaint, ¶ 24). All records regarding any such purported relationships would be in Canada.

Additionally, all witnesses regarding any such purported relationships would be in Canada.

    (g)   Cure's outside accountant, Stephen Lim of SitLim Chartered Accountants, who has knowledge regarding the amounts owed by Merchant Max, is in Canada.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed this 8th day of November 2010, at Vancouver, Canada.

_____
Colin Sholes