CHRISTOPHER A. LILLY (SBN 192479)
ARVIN TSENG (SBN 245648)
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367

Telephone: (310) 553-4441
Facsimile:  (310) 201-4746
E-mail:     clilly@troygould.com

Attorneys for Defendant
Cure Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MERCHANT MAX, INC., | ) | Case No. 2:10-CV-07042-DDP-E |
|---|---|---|
| Plaintiff, | ) | Assigned for all purposes to: |
| | ) | Hon. Dean D. Pregerson |
| vs. | ) | |
| | ) | DECLARATION OF GIB VAN ERT |
| CURE TECHNOLOGIES, INC., | ) | IN SUPPORT OF CURE |
| | ) | TECHNOLOGIES, INC.'S MOTION |
| Defendant. | ) | TO DISMISS THE COMPLAINT |
| | ) | PURSUANT TO FORUM NON |
| | ) | CONVENIENS |
| | ) | |
| | ) | Date:      December 13, 2010 |
| | ) | Time:      10:00 a.m. |
| | ) | Courtroom: 3, 2nd floor |

# DECLARATION OF GIB VAN ERT

I, Gib van Ert, declare:

1. I make this declaration based upon facts within my personal knowledge and, if called as a witness, I could and would competently testify to the truth of the matters stated herein, except where stated to be made on information and belief. I submit this declaration in support of the Motion to Dismiss Pursuant to Forum Non Conveniens filed by Cure Technologies, Inc. ("Cure").

2. I am a barrister and solicitor who practices civil litigation at Hunter Litigation Chambers ("Hunter"), a law firm in Vancouver, British Columbia, Canada. In 1998, I received a Bachelor of Arts with Honors in Law from the University of Cambridge. In 2000, I received a Master of Laws from the University of Toronto. I was admitted to the British Columbia bar in 2004.

3. Before coming to work at Hunter, I clerked for the British Columbia Court of Appeal and then the Supreme Court of Canada. I was also a visiting scholar at the Lauterpacht Research Centre for International Law at the University of Cambridge, England, and am the author or co-author of several books and articles on international and constitutional law.

4. In my legal education and practice, I have become familiar with certain aspects of the substantive and procedural law of British Columbia ("BC").

5. Specifically, I know that:

   (a) BC law has a cause of action for breach of contract. The elements of such a claim are a contract and a wrongful breach of it: *Pyke v. Price Waterhouse Ltd.* (1995) 40 C.P.C. (3d) 7 (B.C.S.C.) at para. 13. The claimant must also show damages.

   (b) In BC, where the defendant has a potential claim against the plaintiff involving the same contract that is the basis of the plaintiff's claim, the defendant is permitted to file its claim as a counterclaim: rule 3-4(1) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended).

  (c) The BC court system has a mechanism for compelling the attendance of witnesses.  For trial, a party of record may prepare a subpoena in Form 25 and serve it on any person: rule 12-5(31) and (32) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended).  For examinations for discovery, a party of record prepares an appointment: rule 7-2(13) and (14) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended).  If the witness does not attend, a court can compel that witness's attendance: rules 12-5(38), 22-7(5) and 22-8(4) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended).

  (d) BC also has a mechanism for securing documentary evidence. Each party of record to an action must, within 35 days after the end of the pleading period, prepare a list of documents that lists (i) all documents that are or have been in the party's possession or control and that could, if available, be used by any party of record at trial to prove or disprove a material fact, and (ii) all other documents to which the party intends to refer at trial, and serve the list on all parties of record: rule 7-1(1) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended). Parties also have the ability to request documents from other parties, as well as non-party witnesses, with the court available to resolve disputes: rule 7-1(10), (11) and (18) of the BC *Supreme Court Civil Rules* B.C. Reg. 168/2009 (as amended).

6. On or about October 4, 2010, our office caused a notice of civil claim to be filed in the Vancouver registry of the Supreme Court of British Columbia naming Cure as plaintiff and Merchant Max, Inc. ("Merchant Max") as defendant. The court assigned this matter action number S-106633.

7. A true and correct copy of the affidavit of personal service of Steven D. Childs, process server, is attached hereto as **Exhibit 1.**  I am informed by this

1  affidavit and believe that Cure's notice of civil claim was served on Merchant Max
2  on October 6, 2010.
3
4      I declare under penalty of perjury under the laws of the State of California
5  and the United States of America that the foregoing is true and correct, and that
6  this declaration is executed this 8th day of November 2010, at Vancouver,
7  Canada.
8
9                                    _____
                                         Gib van Ert
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28