# EXHIBIT 1

No. S-106633
Vancouver Registry

In the Supreme Court of British Columbia

Between

CURE TECHNOLOGIES INC.

Plaintiff

and

MERCHANT MAX INC.

Defendant

**AFFIDAVIT OF PERSONAL SERVICE**

I, STEVEN D CHILDS, of P.O. BOX 4102, ELMONTE CALIFORNIA, process server, AFFIRM THAT:

On 06 OCTOBER 2010, at 4:21 PM, I served ELI PEARLMAN of Merchant Max Inc. with the notice of civil claim in this proceeding, a copy of which is attached to this affidavit and marked as **Exhibit A**, by handing it to and leaving it with that person.

| | |
|---|---|
| AFFIRMED BEFORE ME at _____ on ___ October 2010. _____ A commissioner authorized to administer oaths in the courts of justice of California | ) ) ) ) ) ) ) ) ) _____ [name]  STEVEN D CHILDS |

[print name or affix stamp of commissioner]

219559_1.DOC

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF CALIFORNIA    }
                       } S.S.
COUNTY OF Los Angeles  }

On October 7, 2010 before me, Maria Raygoza, notary public, personally appeared Steven D. Childs, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[Notary Seal: MARIA RAYGOZA, COMM. #1828831, NOTARY PUBLIC - CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires January 1, 2013]

This area for official notarial seal.

TO ONLY BE ATTACHED TO AFFIDAVIT OF PERSONAL SERVICE, VANCOUVER REGISTRY
No. S-106633

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

OCT 0 4 2010

# EXHIBIT A

S- 1 0 6 6 3 3
No. _____
Vancouver Registry

In the Supreme Court of British Columbia

Between

CURE TECHNOLOGIES INC.

Plaintiff

and

MERCHANT MAX INC.

Defendant

## NOTICE OF CIVIL CLAIM

**This action has been started by the plaintiff for the relief set out in Part 2 below.**

If you intend to respond to this action, you or your lawyer must

(a) file a response to civil claim in Form 2 in the above-named registry of this court within the time for response to civil claim described below, and

(b) serve a copy of the filed response to civil claim on the plaintiff.

If you intend to make a counterclaim, you or your lawyer must

(a) file a response to civil claim in Form 2 and a counterclaim in Form 3 in the above-named registry of this court within the time for response to civil claim described below, and

(b) serve a copy of the filed response to civil claim and counterclaim on the plaintiff and on any new parties named in the counterclaim.

JUDGMENT MAY BE PRONOUNCED AGAINST YOU IF YOU FAIL to file the response to civil claim within the time for response to civil claim described below.

2

**Time for Response to Civil Claim**

A response to civil claim must be filed and served on the plaintiffs,

    (a)    if you reside anywhere in Canada, within 21 days after the date on which a copy of the filed notice of civil claim was served on you,

    (b)    if you reside in the United States of America, within 35 days after the date on which a copy of the filed notice of civil claim was served on you,

    (c)    if you reside elsewhere, within 49 days after the date on which a copy of the filed notice of civil claim was served on you, or

    (d)    if the time for response to civil claim has been set by order of the court, within that time.

Claim of the Plaintiffs

**Part 1: STATEMENT OF FACTS**

1    The plaintiff Cure Technologies Inc. ("Cure") is a company incorporated under the laws of British Columbia and has its registered office at 916 Gale Drive, Delta, BC V4M 2P5.

2    The defendant Merchant Max Inc. ("Max") is a company incorporated under the laws of California and has an address of 15303 Ventura Boulevard, Suite 1050, Sherman Oaks, California 91403.

3    Cure is in the business of providing what are known as gateway services to merchants who sell products and/or services over the internet by means of credit card payment. The services Cure provides include credit card data storage, payment verification, fraud detection, and account management (the "Gateway Services").

3

4       Max is in the business of providing credit card processing services to merchants who sell products and/or services over the internet. The services Max provides include establishing accounts with merchant banks, providing customer support to merchant clients, underwriting merchant applications, and managing risk across their customers' merchant portfolios (the "Processing Services").

**The Agreement**

5       On or around 15 December 2008 Cure and Max entered into an agreement in writing entitled "Joint Services Agreement" (the "Agreement").

6       The Agreement is a contract supported by consideration.

7       The Agreement describes two methods whereby customers of Max may use Cure's Gateway Services: the branded front-end method and the separate front-end method.

   (a)   Under the branded front-end method, Max's customers access Cure's Gateway Services using an interface bearing Max's branding.

   (b)   Under the separate front-end method, Max's customers access Cure's Gateway Services using an interface separate from Max and known as CurePay ("CurePay").

8       Clause 2.1 of the Agreement requires Max to pay Cure a fee of US$0.075 for each transaction by Max's customers using the branded front-end method.

9       Clause 2.2 of the Agreement requires Max to pay Cure a fee of US$0.05 for each transaction by Max's customers using CurePay.

4

10   Clause 3 of the Agreement provides in part that Max must pay Cure's invoices within five business days of receipt.

11   Clause 4 of the Agreement provides in part that each of the parties shall use best efforts to maximize the number of transactions using Cure's Gateway Services and Max's Processing Services.

12   Clause 4.2 of the Agreement requires Max to refer to Cure any merchant who is proposing to use Max's Processing Services and who might be interested in using Cure's Gateway Services.

13   Clause 10 of the Agreement provides in part that in the event that a party elects to terminate the Agreement, the Agreement shall be deemed terminated ninety days following receipt of such notice of termination.

14   Clause 11.2 of the Agreement provides in part that the Agreement constitutes the entire agreement among the parties and that no supplement, modification or amendment of the Agreement shall be binding unless executed in writing by all the parties.

15   Clause 11.2 of the Agreement also provides that no waiver shall be binding unless executed in writing by the party making the waiver.

16   Clause 11.7 of the Agreement provides in part that if any legal action is brought for enforcement of the Agreement, the successful party shall be entitled to recover reasonable attorney's fees and other costs incurred in the action, in addition to any other relief to which it may be entitled (the "Fees Clause").

17   Clause 11.10 of the Agreement provides in part that in the event that Cure brings an action to enforce any provision of the Agreement, Max agrees to the personal and subject matter jurisdiction of the courts of British Columbia.

**Operation of the Agreement**

18   The parties began operating under the Agreement in January 2009.

19   In cases where Max's customers have opted to use CurePay to access Cure's Gateway Services, Cure has entered into operating agreements with those customers and charged them transaction fees beyond those payable to Cure by Max under clause 2.2 of the Agreement. Max has at all times been aware of this practice.

20   No notice of termination of the Agreement has been delivered or received by either party.

21   No amendment or waiver of the payment provisions of the Agreement, or any part of the Agreement, has been executed in writing by Cure.

**Defaults of monthly payment since March 2010**

22   Starting in or around January 2010 Max began defaulting on its monthly payments due to Cure under the Agreement. The amounts currently owing to Cure are as follows:

| Invoice date | Billing period | Amount owing |
| --- | --- | --- |
| 4 March 2010 | 1 to 28 February 2010 | $40,000.00 |
| 1 June 2010 | 1 to 31 March 2010 | $85,370.94 |
| 1 June 2010 | 1 to 31 April 2010 | $69,877.35 |

6

| Invoice date | Billing period | Amount owing |
| --- | --- | --- |
| 14 June 2010 | 1 to 31 May 2010 | $47,299.65 |
| 1 July 2010 | 1 to 30 June 2010 | $67,176.83 |
| 1 August 2010 | 1 to 31 July 2010 | $58,835.04 |
| 1 September 2010 | 1 to 31 August 2010 | $31,073.65 |
| TOTAL | | $399,633.46 |

23   Max's failure to pay the amounts stated above is a breach of contract. In particular, Max has breached clauses 2.1, 2.2 and 3 of the Agreement.

**Defaults of payment in respect of closed accounts**

24   On 14 occasions during the operation of the Agreement Max has closed a customer's merchant account. In four of those cases Max failed to pay Cure the amounts owing under clauses 2.1 or 2.2 of the Agreement in respect of those closed accounts.

25   The total amount owing by Max to Cure under the Agreement for these closed accounts is $93,299.18.

26   Max's failure to pay the amounts owing in these ten cases is a breach of contract. In particular, Max has breached clauses 2.1, 2.2 and 3 of the Agreement.

**Further losses to Cure consequent upon account closures**

27   In twelve of the 14 cases of account closures described above, the customers in question were operating using CurePay.

7

28    Max owed a duty of care to Cure in respect of these twelve account closures by virtue of the following facts:

(a)    Max and Cure have a close business relationship as parties to the Agreement described above;

(b)    Max knew that these twelve customers used CurePay and had separate operating agreements with Cure;

(c)    Max knew or ought to have known that if it closed a customer's account when the customer had an outstanding balance to Cure, there was an elevated risk that the customer would not pay the amount outstanding; and

(d)    Cure reasonably expected that Max would give Cure notice of any contemplated account closure sufficient to allow Cure to take steps to secure payment of its outstanding balance before Max closed the account.

29    Max breached the duty of care owed to Cure by closing these twelve accounts without notice to Cure and without regard to Cure's interest in securing payment of its outstanding balances.

30    Cure suffered loss as a direct result of Max's negligence, particulars of which are as follows:

| CurePay customer * | Amount owing |
|---|---|
| J---- P------ | $50,165.29 |
| I----- W---- L------ | $15,611.70 |
| A---------- H----- | $23,302.80 |

8

| CurePay customer* | Amount owing |
|---|---|
| APM I------- LLC | $6,249.44 |
| D---- T--- M--------- | $4,951.29 |
| E-- V--------- | $4,358.40 |
| C----------- G----- LLC | $3,590.10 |
| C-- M---------- Ltd | $710.10 |
| CMS E------ T------- | $586.10 |
| C-- M---------- Ltd | $710.10 |
| M-------- A--- P-- | $200.00 |
| S---- H--- | $200.00 |
| **TOTAL** | **$110,635.32** |

*Full customer names have been redacted

**Max diverted transactions to its own gateway system**

31   At a time unknown to Cure but after the parties entered into the Agreement, Max built its own gateway system and began to offer it to its customers instead of Cure's Gateway Services.

32   In doing this Max has diverted transactions from Cure's Gateway Services in breach of clauses 4 and 4.2 of the Agreement.

**Part 2:     RELIEF SOUGHT**

33   Damages against Max for breach of the Agreement and negligence, including

   (a)   general damages,

9

    (b)    special damages, and

    (c)    damages for legal fees pursuant to the Fees Clause of the Agreement.

34    Interest pursuant to the Court Order Interest Act, R.S.B.C. 1996, c.79.

35    Costs.

36    Such further and other relief as to this Honourable Court may seem just.

**Part 3:**    **LEGAL BASIS**

37    Breach of contract.

38    Negligence.

## ENDORSEMENT ON ORIGINATING PLEADING OR PETITION
## FOR SERVICE OUTSIDE BRITISH COLUMBIA

The plaintiff, Cure Technologies Inc., claims the right to serve this pleading on the defendant, Merchant Max Inc., outside British Columbia on the grounds that the proceeding

1.    concerns contractual obligations, and the contractual obligations, to a substantial extent, were to be performed in British Columbia; and

2.    concerns a business carried on in British Columbia.

The plaintiff relies on s. 10(e)(i) and (f) of the *Court Jurisdiction and Proceedings Transfer Act* SBC 2003 c. 28.

10

Plaintiff's address for service: Hunter Litigation Chambers, 2100-1040 West Georgia Street, Vancouver BC V6E 4H1

Fax number address for service (if any): 604 647 4554

E-mail address for service (if any):

Place of trial: Vancouver, British Columbia

The address of the registry is: 800 Smithe Street, Vancouver, BC V6Z 2E1

Dated: 4 October 2010

Hunter Litigation Chambers (Gib van Ert)
Solicitors for the plaintiff

Rule 7-1(1) of the Supreme Court Civil Rules states:

    (1)    Unless all parties of record consent or the court otherwise orders, each party of record to an action must, within 35 days after the end of the pleading period,

        (a)    prepare a list of documents in Form 22 that lists

            (i)    all documents that are or have been in the party's possession or control and that could, if available, be used by any party at trial to prove or disprove a material fact, and

            (ii)    all other documents to which the party intends to refer at trial, and

        (b)    serve the list on all parties of record.

11

**Appendix**

*[The following information is provided for data collection purposes only and is of no legal effect.]*

Part 1:  CONCISE SUMMARY OF NATURE OF CLAIM:

The plaintiffs sue the defendants for breach of contract and negligence in respect of professional advice concerning certain legal transactions.

Part 2:  THIS CLAIM ARISES FROM THE FOLLOWING:

*[Check one box below for the case type that **best** describes this case.]*

A personal injury arising out of:

- ☐ a motor vehicle accident
- ☐ medical malpractice
- ☐ another cause

A dispute concerning:

- ☐ contaminated sites
- ☐ construction defects
- ☐ real property (real estate)
- ☐ personal property
- ☑ the provision of goods or services or other general commercial matters
- ☐ investment losses
- ☐ the lending of money
- ☐ an employment relationship
- ☐ a will or other issues concerning the probate of an estate
- ☐ a matter not listed here

12

Part 3:     **THIS CLAIM INVOLVES**

☐ a class action

☐ maritime law

☐ aboriginal law

☐ constitutional law

☐ conflict of laws

☑ none of the above

☐ do not know

Part 4:

*[If an enactment is being relied on, specify. Do not list more than 3 enactments]*

None

12

**Part 3:     THIS CLAIM INVOLVES**

☐ a class action

☐ maritime law

☐ aboriginal law

☐ constitutional law

☐ conflict of laws

☑ none of the above

☐ do not know

**Part 4:**

*[If an enactment is being relied on, specify. Do not list more than 3 enactments]*

None

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF CALIFORNIA      }
                          } S.S.
COUNTY OF Los Angeles    }

On October 7, 2010 before me, Maria Raygoza, notary public, personally appeared Steven D. Childs, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Maria Raygoza_

> MARIA RAYGOZA
> COMM. #1828831
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> My Comm. Expires January 1, 2013

This area for official notarial seal.

TO ONLY BE ATTACHED TO NOTICE OF CIVIL CLAIM DOCUMENT, VANCOUVER REGISTRY No. S-106633